UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROOSEVELT WILLIAMS,            )
                               )
    Petitioner,                )
                               )
    v.                         )    Case No. 3:12-CV-89 JD
                               )
SUPERINTENDENT, Indiana        )
State Prison,                  )
                               )
    Respondent.                )

OPINION AND ORDER

Petitioner Roosevelt Williams, a prisoner confined at the Indiana State Prison, has submitted a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the results of a disciplinary hearing in which he was found guilty of possession of an unauthorized substance and sanctioned with the loss of sixty days of earned credit time. Williams has also filed a motion for leave to conduct discovery, a motion for evidentiary hearing, and a motion for temporary injunction.

Where prisoners lose good time credits at prison disciplinary hearings, *Wolff v. McDonnell*, 418 U.S. 539 (1974) and its progeny teach that the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protection:

> (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decisionmaker; (3) opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action.

*Rashid-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992) (citing *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff*, 418 U.S. at 563–67). Once the petitioner has received these procedural protections, the court's review is limited to whether there is "some evidence" to support the CAB's findings. *Hill*, 472 U.S. at 454-55; *Hamilton v. O'Leary*, 976 F.2d 341, 344-45

(7th Cir. 1992).

In his request for a temporary injunction, the Petitioner asks this Court for an order directing prison officials and the Redwood Toxicology Laboratory ("Redwood") not to destroy a urine sample that was taken from him on June 25, 2011, was received by Redwood on June 27, 2011, and was reported by Redwood as positive on June 29, 2011 [DE 1-1 at 9]. According to Williams' submissions, Redwood "<u>holds</u> the specimen for six month[s] on a positive test" [DE 2 at 2] (emphasis in original, footnote omitted).[1] In his motions for leave to conduct discovery and for an evidentiary hearing, Williams argues that Corrections Officer Willie Parnell, who collected the urine sample from him, violated Indiana Department of Correction ("IDOC") policy and the standards set forth by Redwood Toxicology Laboratory when he initialed the sealed sample rather than having Williams himself initial the sample. He argues that if allowed to conduct discovery "[t]hese documents will reveal that William[']s urine, in fact, was not collected properly by the standards set forth by Redwood Toxicology lab. or Indiana Department of Corrections, and are material, exculpatory evidence as defined by <u>Brady</u>" [DE 2 at 2]. He further asserts that his urine sample, if it has not already been destroyed, should be retested "to admit at an evidentiary hearing where trained professionals can interpret the level of misconduct" by Officer Parnell [DE 3 at 2].

A habeas corpus applicant may not conduct discovery without specific leave of court, which may only be granted in limited circumstances 28 U.S.C. § 2254(d)(2). The Petitioner seeks discovery of materials that would establish that Officer Parnell did not follow Redwood protocols and IDOC policy when collecting his urine sample. But pursuant to § 2254(a), "a district court shall entertain an application for writ of habeas corpus in behalf of a person in custody pursuant to the

---

[1] Williams's sample was tested by Redwood on June 29, 2011. If Williams is correct in stating that Redwood keeps positive samples for six months before destroying them, his sample was probably destroyed on or about December 29, 2011.

2

judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. *See also Estelle v. McGuire*, 502 U.S. 62 (1991) (Relief in a § 2254 action is only available from violation of the federal Constitution or laws). Violations of prison disciplinary policies, such as those alleged by this Petitioner do not state a claim for federal habeas relief. *Hester v. McBride*, 966 F.Supp. 765, 774-75 (N.D.Ind. 1997).

The question this Court must ultimately resolve is not whether Officer Parnell followed Redwood protocols and IDOC policy when collecting Williams's urine sample, but whether Williams was afforded the minimum procedural protections established by *Wolff* before being sanctioned with the loss of good credit time. The discovery that Williams requests, however, would only go to the question of whether Officer Parnell violated Redwood protocols and IDOC policy when collecting Williams' urine sample, which does not implicate *Wolff*. Accordingly, the Court will deny the Petitioner's request for leave to conduct discovery.

The Petitioner asks for an evidentiary hearing to allow this Court to review whether Officer Parnell violated Redwood Protocols and IDOC policy and to consider the results of a proposed retest of Williams's urine sample, if it still exists. But, as already noted, the alleged violation of Redwood Protocols does not implicate *Wolff*. And Williams' request that the Court consider a retest of the urine sample misunderstands the Court's role in conducting habeas review under § 2254. In its collateral review of prison disciplinary proceedings, this Court must examine the hearing board's record for alleged constitutional errors. *See Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988). *cert. denied*, 489 U.S. 1088 (1989). This court does not, however, sit as a trier *de novo* in prison disciplinary proceedings or as a court of common law review. *Cain v. Lane*, 857 F. 2d 1139, 1140 (7th Cir. 1984). When reviewing prison disciplinary proceedings, Federal Courts do not reweigh the evidence. *Hill,* 472 U.S. at 455-56. Accordingly, this Court will deny the Petitioner's request

for an evidentiary hearing.

Finally, the Petitioner asks for a temporary injunction preventing the disposal of the urine sample taken from him on June 25, 2011, assuming that it still exists. The court will treat the Petitioner's motion as a request for a preliminary injunction pursuant to Fed R. Civ. P. 65(a). Temporary injunctive relief is an extraordinary remedy that is only granted where there is a clear showing of need. *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir.1999) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). ("[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.").

A preliminary injunction is designed to preserve the *status quo* until a final hearing or trial can be held on a request for a permanent injunction. *See Texas v. Camenisch*, 451 U.S. 390, 395 (1981) ("the purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held."); *E.E.O.C. v. City of Janesville,* 630 F.2d 1254, 1259 (7th Cir. 1980) ("The purpose of a preliminary injunction is to preserve the object of controversy in its then existing condition, i.e., preserve the *status quo.*"). A party seeking a preliminary injunction must, as a threshold matter, demonstrate some likelihood of success on the merits, and that he has no adequate remedy of law and will suffer irreparable harm if the injunction is not issued. *Vencor, Inc. v. Webb,* 33 F.3d 840, 845 (7th Cir. 1994); *Storck USA, L.P. v. Farley Candy Co.,* 14 F.3d 311, 313-14 (7th Cir. 1994); *Abbott Laboratories v. Mead Johnson & Co.,* 971 F.2d 6, 11 (7th Cir. 1992). "If the moving party cannot establish either of these prerequisites, a court's inquiry is over and the injunction must be denied." *Id.* Provided these criteria are satisfied, "the court must then balance the irreparable harm caused to the non-moving party if relief is granted against the irreparable harm to the moving party if relief is denied, and consider the harm caused to the public

by granting or denying preliminary relief." *Vencor, Inc. v. Webb,* 33 F.3d at 845; *Abbott Laboratories,* 971 F.2d at 12-13; *Kellas v. Lane,* 923 F.2d 492, 493-94 (7th Cir. 1990).

Williams asks the court enter an order preventing the disposal of the urine sample taken from him on June 25, 2011, assuming that it has not already been destroyed. He states that he wishes to have this sample retested for use at a subsequent evidentiary hearing conducted by this Court. But the Court is denying the Petitioner's request for an evidentiary hearing because the alleged violation of the Redwood protocol does not implicate the due process protections established by *Wolff*. Accordingly, the Petitioner has not met the high threshold requirement of showing an immediate and irreparable harm will befall him if this urine sample is destroyed. A party seeking a preliminary injunction must demonstrate some likelihood of success on the merits, and that he has no adequate remedy of law and will suffer irreparable harm if the injunction is not issued. *Vencor, Inc. v. Webb,* 33 F.3d at 845. Williams has not met these requirements.

For the foregoing reasons, the court **DENIES** the Petitioner's motion for leave to conduct discovery [DE 2], his motion for evidentiary hearing [DE 3], and his motion for temporary injunction [DE 4].

SO ORDERED.

ENTERED: March 16, 2012

       /s/ JON E. DEGUILIO
Judge
United States District Court