UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROOSEVELT WILLIAMS, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )   Case No. 3:12-CV-89 JD |
| | ) |
| SUPERINTENDENT, Indiana State Prison, | ) |
| | ) |
|     Respondent. | ) |

OPINION AND ORDER

Petitioner Roosevelt Williams, a prisoner confined at the Indiana State Prison, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 dealing with a disciplinary hearing. According to Williams's petition for writ of habeas corpus, the disciplinary hearing officer found him guilty of possessing an unauthorized substance and sanctioned him with a loss of sixty days of earned credit time and thirty days commissary restriction and contact visit restriction [DE 1 at 1].

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, district courts are obligated to review a habeas corpus petition and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . ." *Id.* This rule provides district courts with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions which obviously lack merit.

Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact

finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. Mcdonald*, 418 U.S. 539 (1974); *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007). There must also be "some evidence" to support the decision of the prison disciplinary board. *Superintendent, Mass. Correctional Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985).

The Petitioner presents five grounds in his habeas corpus petition: that he was denied witnesses; that he was denied the right to a fair hearing; that he was denied the right to evidence; that he was denied a written copy of facts found; and that he was denied equal protection of the laws.

In ground two of his petition, Williams asserts that the failure to record disciplinary hearings "denies due process to the prisoner" because it "denies the Court and the representation of the respondent to have full and complete access to the record" [DE 1 at 4]. But having a recorded hearing is not one of the things guaranteed to prisoners by *Wolff v. McDonnell. See White v. Henman*, 977 F.2d 292, 294 (7th Cir. 1992) ("[p]rison disciplinary proceedings are—and so far as the Constitution is concerned may remain—informal hearings conducted without a record."). *Baxter v. Palmigiano*, 425 U.S. 308 (1976), warns the courts of appeals not to add to the procedures required by *Wolff*, which, *Baxter* held, represents a balance of interests that should not be further adjusted in favor of prisoners. *White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001). Accordingly, that the disciplinary hearing at which Williams was found guilty was not recorded states no claim upon which § 2254 habeas relief can be granted.

In ground five of his petition, Williams asserts that he was denied equal protection under the law as guaranteed by the Fourteenth Amendment's equal protection clause. He states that the Indiana Department of Correction ("IDOC") "ensures every prisoner will be afforded *indiscriminately* the same treatment to all incarcerated in the IDOC. The exacting language used in

the IDOC policies are crucial to this issue. When a guarantee is made all prisoners (class of people) a Constitutional protection has been triggered" [DE 1 at 6-7] (emphasis in original). Williams argues that if the hearing officer violated IDOC policy by denying him the "remaining days left on his appeal" which is normally afforded every prisoner [DE 1 at 7], then he has violated the Fourteenth Amendment's equal protection clause.[1] However, violations of prison disciplinary policies, such as not being given the entire administrative appeal time as alleged by this Petitioner, do not state a claim for federal habeas relief because a violation of this rule does not show that his continued custody is in violation of the Constitution. *See White v. Henman,* 977 F.2d at 295; *Hester v. McBride*, 966 F.Supp. 765, 774-75 (N.D. Ind. 1997). The Court finds that Williams' fifth allegation does not sufficiently state a claim at the screening stage of the proceedings.

In grounds one, three, and four of his petition, Williams asserts that he was denied witnesses; that he was denied evidence, and that he was denied a written copy of facts found by the hearing officer—procedural protections to which he should have been constitutionally afforded. *See Scruggs*, 485 F.3d at 939-40. Giving Williams the benefit of the inferences to which he is entitled, these allegations may state a claim upon which habeas relief can be granted under *Wolff v. McDonnell*.

For the foregoing reasons, the court:

(1) **GRANTS** the Petitioner leave to proceed on his claim in grounds one, three, and four of his petition;

(2) Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, **DISMISSES** grounds two and five of his petition; and

---

[1] The affidavits filed in support of Williams's equal protection claim suggest that his appeal time ran out while the jail was on lock down which prevented him from further researching his appeal in the library [DE 1-3]. The Court would note that Williams does not allege that he was in any way prevented from accessing the courts to contest the outcome of his disciplinary proceeding. *See Lewis v. Casey*, 518 U.S. 343 (1996).

(3) **DIRECTS** the clerk's office to ensure that a copy of this order is served on the Respondent and the Indiana Attorney General along with the order to show cause.

SO ORDERED.

ENTERED: June 27, 2012

              /s/ JON E. DEGUILIO
              Judge
              United States District Court