UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROOSEVELT WILLIAMS,              )
                                 )
            Petitioner,          )
                                 )
      v.                         )        Case No. 3:12-CV-089 JD
                                 )
SUPERINTENDENT,                  )
                                 )
            Respondent.          )

<u>OPINION AND ORDER</u>

Roosevelt Williams, a *pro se* prisoner, filed a habeas corpus petition challenging a prison disciplinary proceeding. [ECF No. 1.] On July 12, 2011, a hearing officer at Indiana State Prison ("ISP") found Williams guilty of possession of a controlled substance. [ECF No. 14-1 at 1.] Among other sanctions, he lost 30 days of earned time credits. [*Id.*] He filed an administrative appeal, but it was determined to be untimely because it was not submitted within 15 days of the hearing as required by the Indiana Department of Correction ("IDOC") Adult Disciplinary Procedures ("ADP"). [ECF No. 14-3 at 1.]

Based on the above, the respondent moves to dismiss, arguing that the petition is barred by procedural default. [ECF No. 13.] As the respondent points out, principles of exhaustion that apply to federal review of criminal convictions also apply to review of prison disciplinary proceedings. *See Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Markam v. Clark,* 978 F.2d 993, 994-95 (7th Cir. 1992). Before seeking federal habeas relief, a prisoner must take all available administrative appeals, and must raise in those appeals any issue on which he seeks federal review. *Eads*, 280 F.3d at 729. An inmate's failure to properly exhaust his claims in the state administrative process means the claims are procedurally defaulted. *Id.*; *see also Moffat v. Broyles*, 288 F.3d 978, 982 (7th Cir.

2002) (Indiana prisoner must raise his claim at all levels of administrative review, including with the final reviewing authority). Nevertheless, the procedural default doctrine does not impose a jurisdictional bar to federal habeas relief. *Eichwedel v. Chandler*, 696 F.3d 660, 669 (7th Cir. 2012). Rather, it is an affirmative defense that must be established by the state. *Id.* Furthermore, a habeas petitioner can overcome a procedural default by establishing cause and prejudice for the default. *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977). Cause sufficient to excuse a procedural default is defined as "some objective factor external to the defense" which prevented the petitioner from pursuing his claim. *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *see also Harris v. McAdory*, 334 F.3d 665, 669 (7th Cir. 2003) (defining cause as some "external impediment").

Here, Williams has submitted evidence showing that on July 17, 2011, ISP went on an extended lock-down due to a murder that occurred. [ECF No. 1-2 at 2.] He argues that he was unable to submit a timely appeal for this reason. [ECF No. 15.] The respondent does not dispute that the lock-down occurred, but argues that this does not present a valid excuse because the administrative appeals process and other prison services were not formally suspended during this period. [*See* ECF No. 14 at 2; ECF No. 14-4 at 1.] However, Williams has submitted evidence showing that as a practical matter he had no access to his file containing the disciplinary hearing records or the necessary documents to complete an appeal, despite his attempts to obtain them from the law library. [ECF No. 1-2 at 2; ECF No. 1-3 at 4-6; ECF No. 4 at ¶ 9.] In the related civil rights context, a prisoner cannot be faulted for failing to exhaust when the "process that exists on paper becomes unavailable in reality." *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). The Court finds that same reasoning persuasive here. The evidence also shows that once the lock-down ended Williams acted promptly, submitting his appeal within four days after he regained access to his file. [*See* ECF No.

14-2 at 1-2.] The Court concludes that Williams has presented sufficient cause to excuse his failure to file an appeal within 15 days of the hearing.

The respondent also argues that even if Williams can show cause for failing to file a timely first-level appeal, his claims are procedurally defaulted in any event because he did not file a second-level appeal to the final reviewing authority. [ECF No. 14 at 2.] However, there is no indication from the record that Williams had any right to appeal to the final reviewing authority under the ADP, since his first-level appeal was not denied, and instead was returned to him without consideration. [*See* ECF No. 14-3 at 2.] Nor was Williams notified he had any further appeal rights, since the facility head did not complete the appeal form (which does indicate a right to appeal further), and instead simply sent him a letter telling him that his appeal had been rejected. [ECF No. 14-2 at 1; ECF No. 14-3 at 1.] Nothing in that letter instructs him that he had any right to appeal the rejection of the grievance. [*See* ECF No. 14-3 at 1.] Under these circumstances, the respondent has failed to establish that the petition is barred by procedural default. Accordingly, the motion to dismiss will be denied, and the respondent will be ordered to brief the merits of the petition.

For these reasons, the motion to dismiss [ECF No. 13] is DENIED. The respondent is ORDERED to address the merits of the petition on or September 6, 2013, and to submit the full and complete administrative record along with the return.

SO ORDERED.

ENTERED:  July 15, 2013

_____/s/ JON E. DEGUILIO_____
Judge
United States District Court